## Mitcheltree's Administrator *versus* Veach.

In an action against an administrator, to recover a debt of the decedent, he may plead the statute of limitations, although less than six years from the time it accrued had elapsed at the decease of the debtor.

The doctrine of McClintock's Appeal, 5 *Casey* 360, has no application to a personal action against the legal representatives of a debtor.

It only applies, where the creditor proceeds in the Orphans' Court, for his distributive proportion of the decedent's estate.

ERROR to the Common Pleas of *Mercer county*.

This was an action of *assumpsit* by John W. Veach against John M. Irvine, administrator *de bonis non* of Dr. John Mitcheltree, deceased, to recover a sum of $200, paid by the plaintiff into the Western Reserve Bank, for the use of the defendant's intestate.

On the 23d December 1846, the plaintiff paid into the Western Reserve Bank $200, which was placed to the credit of Dr. John Mitcheltree, for his use. Dr. Mitcheltree died on the 6th February 1852; and, on the 14th August 1855, this action was brought. The defendant pleaded *non assumpsit*, payment, and the statute of limitations.

On the trial, the court below (McCALMONT, P. J.), under the authority of McClintock's Appeal, 5 *Casey* 360, instructed the jury that the statute of limitations was no bar to the plaintiff's recovery.

To this charge the defendant excepted; and a verdict and judgment having been rendered for the plaintiff for $254.25, the defendant sued out this writ, and here assigned the same for error.

*A. H. Snyder*, for the plaintiff in error, cited Bailey v. Bailey, 14 *S. & R.* 197; Allison v. James, 9 *Watts* 381; Farley v. Kustenbader, 3 *Barr* 419; Emerson v. Miller, 3 *Casey* 279; Harbold's Executors v. Kuntz, 4 *Harris* 213; Morgan v. Walton, 4 *Barr* 322; Nixon v. Brownfield, 2 *Harris* 321; Shitler v. Bremer, 11 *Id.* 414; Kensington Bank v. Patton, 2 *Id.* 481; *Angell on Lim.* 146–7.

*W. M. Stephenson*, for the defendant in error, cited and relied upon McClintock's Appeal, 5 *Casey* 360.

The opinion of the court was delivered by

LOWRIE, C. J.—With all the changes which we have made in our common law actions against executors and administrators for

[Mitcheltree's Administrator *v.* Veach.]

debts of a decedent, there is still some difference between them and the equitable proceeding by creditor's bill for an account and settlement of the estate, which is substantially the mode in which we pay debts of decedents in the Orphans' Court. The former proceeding is still in form a personal action, and retains some of the substance of one, while the latter is rather a proceeding *in rem;* that is, against the decedent's estate, out of which the complainant demands payment.

Now it is plain enough that this claim against the estate, founded on the statutory lien given to the creditors of a decedent, does not keep alive the right of action at common law *in personam.* An assignment for the benefit of creditors does not stop the running of the statute; yet the assignee cannot set up the statute when distribution is claimed from him, on a debt not barred at the time of the assignment. A debt secured by a pledge or lien may be barred by the statute, without divesting the security which the lien affords. The court below fell into error in applying the rule of McClintock's Appeal, 29 *State Rep.* 360, by overlooking this distinction.

Judgment reversed, and a new trial awarded.