Maria E. Miskey, Admrx. of Jacob A. Miskey, Deceased, Plff. in Err., v. Elizabeth E. Miskey et al., Exrs. of Anthony Miskey, Deceased.

Where a suit is brought against an executor more than six years after the cause of action had accrued against the testator, the executor may plead the statute of limitations.

(Argued March 23, 1887. Decided January 3, 1888.)

January Term, 1887, No. 249½. All the Judges present. Error to the Common Pleas No. 2 of Philadelphia County to review a judgment in favor of the defendants on a demurrer in an action of assumpsit. Affirmed.

This action was begun on March 17, 1882, by Maria E. Miskey, administratrix of Jacob A. Miskey, deceased, against Elizabeth E. Miskey, Edward H. House, and Charles W. Otto, executors of Anthony Miskey, deceased. The declaration alleged that Anthony Miskey was indebted to Jacob A. Miskey on or about the 16th of December, 1875, in the sum of $10,000. Jacob A. Miskey died December 16, 1875. Anthony Miskey died March 26, 1877.

The defendants in their second plea set forth "that the said Anthony Miskey, deceased, did not at any time within six years before the commencement of this suit undertake or promise" as stated in the *narr.*

To the second plea the plaintiff replied that by reason of anything by the said defendants in said second plea alleged, she, the said plaintiff, ought not to be barred from having and maintaining her aforesaid action thereof against the said defendants, because she saith that the said Anthony Miskey, in his lifetime and in the lifetime of the said Jacob A. Miskey, was indebted to the said Jacob A. Miskey in manner and form as set forth in the declaration hereinbefore filed; and the said Anthony Miskey being still so indebted to the said Jacob A. Miskey afterwards departed this life, to wit, on March 26, 1877, at the county aforesaid, being then seised and possessed in fee of certain real estate situate in the county aforesaid, upon which said real estate the said amount due as aforesaid by Anthony Miskey to the said

Jacob A. Miskey, being an unrecorded debt, immediately became and continued a lien thereon for the period of five years following the death of said Anthony Miskey, to wit, March 26, 1877, according to the act of assembly in such case made and provided. And the said plaintiff as administratrix of the estate of Jacob A. Miskey, deceased, as aforesaid, brought the aforesaid suit against the said defendants as executors of said Anthony Miskey, deceased, to revive the said debt which has become a lien as aforesaid, to wit, on March 17, 1882, at the county aforesaid, being within five years after the death of said Anthony Miskey as aforesaid, and has duly prosecuted the same, whereupon the said debt remained in full force, and the lien thereof was and still is continued against the said real estate of which the said Anthony Miskey died seised as aforesaid, according to the act of assembly in such case made and provided, and this the said plaintiff is ready to verify, etc., whereupon, she prays judgment and her damages by her sustained on occasion of the nonperformance of the several promises and undertakings in the said declaration mentioned to be adjudged to her, etc.

The defendants demurred: (1) That the said replication does not deny, confess, or avoid the matters and things by the said defendants by their aforesaid second plea pleaded; and (2), because the said  plaintiff in and by her said replication admits that the said Anthony Miskey, deceased, did not at any time within six years next before the commencement of this suit undertake and promise in manner and form as in said declaration mentioned.

The court entered judgment on the demurrer in favor of the defendants; which action of the court was assigned as error.

*Geo. M. Conarroe,* for plaintiff in error.—The act of February 24, 1834, provides that no debts of a decedent, except they be secured by mortgage, etc., "shall remain a lien on the real estate of such decedent longer than five years after the decease of such debtor, unless an action  for the recovery thereof be commenced and duly prosecuted against his heirs, executors, or administrators, within the period of five years after his decease." Purdon's Digest, 526, p. 97.

No form of action is prescribed by statute, and the unvarying practice has been to bring the usual action appropriate to the subject-matter, as assumpsit on the note, debt on a bond, etc.

The creditor is not bound under the act of 1834 to proceed first against the heirs; he may proceed to judgment against the representative, and then obtain judgment *de terris* by scire facias against the heirs. Atherton v. Atherton, 2 Pa. St. 112; Benner v. Phillips, 9 Watts & S. 13; Trevor v. Ellenberger, 2 Penr. & W. 94; Duncan v. Clark, 7 Watts, 225; Man v. Warner, 4 Whart. 478; Steel v. Henry, 9 Watts, 526; Payne v. Craft, 7 Watts & S. 465; Murphy's Appeal, 8 Watts & S. 170.

The doctrine of these cases as to the lien of a decedent's debts on his real estate, and the mode of its continuance, has not been weakened or changed down to the present time. On the contrary, it has been maintained in Corrigan's Estate, 82 Pa. 497, where the court refers to these cases, as settling the law. And again, in McClintock's Appeal, 1 Sad. Rep. 251, where a note due in 1875, was awarded payment out of proceeds of land sold in 1883. See also Mitcheltree v. Veach, 31 Pa. 455.

In York's Appeal, 110 Pa. 77, 1 Atl. 162, 2 Atl. 65, the lien on real estate had expired two years before the claim was made.

In the present case the suit was brought within five years and the same has been duly prosecuted, and the plaintiff has performed every requirement of the act of assembly, as repeatedly construed by the supreme court, during a period of over fifty years. The demurrer of defendants ought therefore to have been overruled.

*Francis E. Brewster* and *F. Carroll Brewster*, for defendants in error.—The demurrer to the plaintiff's replication to the second plea raises the question of the statute of limitations where suit is brought more than six years after the cause of action accrues, but within five years from the death of the debtor.

The defendants in error respectfully submit that the statute is a complete bar to such a suit.

It was held in Slaymaker v. Wilson, 1 Penr. & W. 216, that a debt is not protected from the statute because accompanied with a pledge as collateral security.

In Man v. Warner, 4 Whart. 476, this court held that the statute of limitations applied to claims against estates of decedents, whether the demand was due in the decedent's lifetime or fell due after his death. See also Mitcheltree v. Veach, 31 Pa. 455; McClintock's Appeal, 29 Pa. 360; Campbell v. Fleming, 63 Pa. 242; Marsteller v. Marsteller, 93 Pa. 355.

Yorks's Appeal, 110 Pa. 77, 1 Atl. 162, 2 Atl. 65, decided that the death of a debtor does not stop the running of the statute.

OPINION BY MR. JUSTICE PAXSON:

It was not error to allow the executors the benefit of the plea of the statute of limitations.    Man v. Warner, 1 Whart. 455 ; Mitcheltree v. Veach, 31 Pa. 455 ; Campbell v. Fleming, 63 Pa. 244 ; Yorks' Appeal, 110 Pa. 77, 1 Atl. 162, 2 Atl. 65.

Judgment affirmed.